Opinion for the Court filed by Circuit Judge KAVANAUGH, in which Circuit Judge BROWN joins.
Dissenting Opinion filed by Senior Circuit Judge WILLIAMS.
KAVANAUGH, Circuit Judge:
This case exemplifies our deferential substantive review of sentences — -including outside-the-Guidelines sentences — in the wake of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Gall v. United States, — U.S.-, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The Sentencing Guidelines range for defendant Gardellini’s tax offense was 10 to 16 months. The District Court imposed probation and a fine. On appeal, the Government challenges that below-Guidelines sentence as substantively unreasonable. But the Government’s Guidelines-centric appellate argument overlooks the twin points that the Supreme Court has stressed in its recent sentencing decisions: The Guidelines now are advisory only, and substantive appellate review in sentencing cases is narrow and deferential. As the case law in the courts of appeals since Gall demonstrates, it will be the unusual case when we reverse a district court sentence — whether within, above, or below the applicable Guidelines range — as substantively unreasonable. Based on the principles set forth in Booker and Gall, we affirm the District Court’s judgment in this case.
I
Gus Gardellini pled guilty to filing a false income tax return in violation of 26 U.S.C. § 7206(1). Given Gardellini’s offense and offender characteristics, the applicable advisory Guidelines range was 10 to 16 months of imprisonment.
Gardellini asked the District Court for a below-Guidelines sentence, arguing that he *1091 had offered extraordinary cooperation by providing information to investigators, waiving his attorney-client privilege, and agreeing to toll the statute of limitations. Gardellini also emphasized that he had paid restitution before sentencing and that his crime occurred almost ten years earlier. The Government responded by contending that Gardellini had provided little information, had waived no rights of consequence, and had simply complied with the terms of his plea agreement by providing restitution.
At sentencing, the court acknowledged the advisory Guidelines range, which was 10 to 16 months of imprisonment. Hr’g Tr. 45^16, June 29, 2007. Turning to the other 18 U.S.C. § 3553(a) factors, the District Court emphasized four primary points. First, the court stated that Gar-dellini had cooperated with authorities and accepted responsibility for his crimes. See id. at 48 (defendant “didn’t put the United States through its paces” but had “owned up to [his] crime”). Second, the court found that Gardellini posed only a minimal risk of recidivism. Id. (“I have every reason to credit your statement ... when you say that this will never happen again.”). Third, the court concluded that Gardellini had already “suffered substantially” due to his prosecution, id. at 50, noting that Gar-dellini had been treated for “depression due to the stress of the instant investigation,” id. at 45. Finally, the court said that “what really deters” tax evaders — at least in cases that do not “get a lot of press” — is “the efforts of prosecutors ... in vigorously enforcing the laws.” Id. at 56.
After considering the relevant § 3553(a) factors, the District Court chose not to sentence Gardellini to any prison time. Instead, the Court imposed a fine of $15,000 and probation of five years, subject to certain conditions, to be spent in Belgium, where Gardellini resides with his wife and child.
The Government appealed, arguing that Gardellini’s sentence is substantively unreasonable under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Gall v. United States, — U.S. --, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).
II
A
The Sentencing Guidelines establish a base offense level for the crime of conviction. Under the Guidelines, the district court may increase the defendant’s base offense level if the judge finds certain specified offense or offender characteristics. As originally enacted by Congress, the Guidelines were mandatory and binding law. See 18 U.S.C. § 3553(b)(1).
In United States v. Booker, however, the Supreme Court interpreted the Sixth Amendment to mean that a defendant’s maximum sentence may not be increased as a result of factual findings made by the sentencing judge rather than by the jury. 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); see also Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Court ruled that the Sentencing Guidelines therefore violate the Sixth Amendment.
To remedy the constitutional flaw, the Booker Court could have retained the mandatory nature of the Guidelines and required that the jury rather than the trial judge find any sentencing facts necessary to increase a defendant’s base offense level. But the Court, over the dissent of four Justices, rejected that proposed remedy. Instead, the Court rendered the entire Guidelines system “advisory” rather than *1092 mandatory. Booker, 543 U.S. at 245, 125 S.Ct. 738. Therefore, the Guidelines are no longer binding law, but rather are one factor that a district court must consider when imposing a sentence.[1]
As a result, appeals courts do not substantively review sentences to ensure conformity with the Guidelines. Rather, appellate courts employ an abuse-of-discretion standard and substantively review sentences only for “unreasonableness.” Booker, 543 U.S. at 264, 125 S.Ct. 738.[2]
Applying that standard of review in post -Booker cases, the Supreme Court has emphasized the discretion of district courts to sentence within or outside the Guidelines — and has stressed the corresponding need for appellate court deference regardless of whether a sentence is within or outside the Guidelines. In Rita v. United States, for example, the Court ruled that appeals courts may apply a presumption of reasonableness to sentences within the Guidelines — the upshot being that a within-Guidelines sentence will almost never be reversed on appeal as substantively unreasonable. See 551 U.S. 338, 127 S.Ct. 2456, 2468-69, 168 L.Ed.2d 203 (2007); see also United States v. Law, 528 F.3d 888, 902 (D.C.Cir.2008) (adopting presumption of reasonableness for within-Guidelines sentences).[3] In Kimbrough v. United States, the Court held that district courts are free in certain circumstances to sentence outside the Guidelines based on policy disagreements with the Sentencing Commission — and that appeals courts must defer to those district court policy assessments. — U.S.-, 128 S.Ct. 558, 575, *1093 169 L.Ed.2d 481 (2007). And most importantly, in Gall v. United States, the Supreme Court explained that appeals courts may not apply a “presumption of unreasonableness” for outside-the-Guidelines sentences. — U.S. -, 128 S.Ct. 586, 595, 169 L.Ed.2d 445 (2007). Nor, the Court said, do outside-the-Guidelines sentences require a showing of “ ‘extraordinary’ circumstances” or trigger any kind of “proportional” appellate review anchored to the Guidelines. Id. at 594-95. Those Guidelines-centric appellate approaches would “come too close to creating an impermissible presumption of unreasonableness.” Id. at 595.
Under these Supreme Court cases, the appellate court should “consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.” Gall, 128 S.Ct. at 597. “When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range.... It may consider the extent of the deviation, but must give due deference to the district court’s decision that the § 3553(a) factors, on a whole, justify the extent of the variance.” Id. (citation omitted). Applying these principles of appellate deference, the Court in Gall upheld a sentence of probation in a drug-dealing case where the Guidelines range was 30 to 37 months.[4]
The substantive reasonableness inquiry that we must conduct on appeal boils down to the following question: In light of the facts and circumstances of the offense and offender, is the sentence so unreasonably high or unreasonably low as to constitute an abuse of discretion by the district court? Analytical difficulty arises because determining whether a sentence is unreasonably high or unreasonably low raises a subsidiary question: Compared to what? The Supreme Court has made crystal clear that the Guidelines are not the sole or definitive benchmark for an appeals court in assessing the substantive reasonableness of a sentence. Moreover, the § 3553(a) factors that district courts must consider at sentencing are vague, open-ended, and conflicting; different district courts may have distinct sentencing philosophies and may emphasize and weigh the individual § 3553(a) factors differently; and every sentencing decision involves its own set of facts and circumstances regarding the offense and the offender. When all those points are combined with our deferential abuse-of-discretion standard of review, the result becomes evident: It will be the unusual case when an appeals court can plausibly say that a sentence is so unreasonably high or low as to constitute an abuse of discretion by the district court. To be sure, there is still substantive review of sentences; the Supreme Court has not adopted Justice Scalia’s suggestion to completely eliminate substantive appellate review. See Gall, 128 S.Ct. at 602-03 (Sca-lia, J., concurring). But our substantive reasonableness review is deferential and *1094 not tied to the Guidelines alone, as the post-Gall jurisprudence in the courts of appeals amply demonstrates.[5]
With that background, we turn to Gar-dellini’s case.
B
The Government acknowledges that the District Court committed no procedural error in imposing the sentence in this case — a deliberate concession the Government expressly repeated multiple times at oral argument. See Oral Arg. at 7:08-16, 20:36-45, Sept. 12, 2008; cf. In re Sealed Case, 527 F.3d 188 (D.C.Cir.2008) (vacating and remanding sentence due to procedural error). Instead, the Government posits that Gardellini’s sentence of probation was substantively unreasonable under Booker and Gall.[6]
*1095 The Government’s argument flies in the face of the Supreme Court’s precedents. The District Court found that Gardellini had cooperated with authorities and accepted responsibility for his crimes to an extraordinary degree, posed no risk of recidivism, and already suffered substantially due to the criminal investigation into his wrongful actions. See Hr’g Tr. 48-50. Those findings were directly relevant to the § 3553(a) analysis, which requires sentences to reflect, among other things, “the history and characteristics of the defendant,” the need to “protect the public from further crimes of the defendant,” the need to “provide just punishment for the offense,” and the need to “afford adequate deterrence.” 18 U.S.C. § 3553(a)(l)-(2). The District Court’s conclusion rests on precisely the kind of defendant-specific determinations that are within the special competence of sentencing courts, as the Supreme Court has repeatedly emphasized. See Rita, 127 S.Ct. at 2469 (“The sentencing judge has access to, and greater familiarity with, the individual case and the individual defendant before him than the Commission or the appeals court.”); see also Gall, 128 S.Ct. at 597. In light of the facts and circumstances of the offense and offender and the deference we must give the District Court, we cannot say that the court abused its discretion in giving Gardellini probation and a fine.
It bears mention that the Government’s argument is inconsistent not only with the Supreme Court’s analytical approach, but also with the result in Gall. In that case, the Supreme Court affirmed a sentence of probation even though Gall faced a 30-to-37-month Guidelines range for his drug-dealing offense' — far greater than the 10-to-16-month range for Gardellini. In light of the fact that the Supreme Court affirmed a sentence of probation for Gall, who committed a more serious offense and faced a higher Guidelines range, it is all but impossible to say that a sentence of probation is per se unreasonable for Gar-dellini.
The Government contends more generally that upholding the light sentence in this case will lessen the deterrent value of the criminal law. If so, that is the result of Supreme Court precedents such as Gall that we are bound to follow. Moreover, the Government’s argument based on deterrence alone is flawed because it elevates one § 3553(a) factor — deterrence—above all others. As § 3553(a) makes clear, however, the district court at sentencing must consider and balance a number of factors — not all of which will point in the same direction. In any event, we question the force of the Government’s deterrence argument, even when it is considered in isolation. Although Gardellini may have been treated leniently, the next similarly situated tax offender cannot expect the same treatment. Another defendant in this same situation might well receive an above-Guidelines sentence. In light of the discretion afforded to district courts by the Supreme Court’s sentencing decisions, only a fool would think that he or she necessarily would receive the same sentence as Gardellini for a similar tax offense.
*1096 C
The fundamental problem with the Government’s submission in this case is that it takes insufficient account of the big picture of current sentencing jurisprudence. The central teaching of Gall is that the Guidelines are truly advisory. Therefore, different district courts can and will sentence differently- — differently from the Sentencing Guidelines range, differently from the sentence an appellate court might have imposed, and differently from how other district courts might have sentenced that defendant. And appellate courts may not reverse a district court simply because the Sentencing Commission, a reviewing appellate court, or another district court “might reasonably have concluded that a different sentence was appropriate.” Gall, 128 S.Ct. at 597.
To be sure, it may be considered anomalous that the Supreme Court’s chosen remedy for a Guidelines system that gave district judges too much power to find key sentencing facts was to give district judges even more discretion and authority. See Michael W. McConnell, The Booker Mess, 83 Denv. U.L.Rev. 665, 677 (2006) (“The most striking feature of the Booker decision is that the remedy bears no logical relation to the constitutional violation.”); see also Richard M. Ré, Re-Conceptualizing Booker: How to Prevent Legislatures From Circumventing the Right to Jury Trial 6-38 (Sept. 25, 2008) (available on SSRN). But that’s water over the dam. The bottom line is this: District judges now have far more substantive discretion in sentencing than they had pre-Booker. Therefore, whether the defendant receives a sentence within, above, or below the Guidelines range, both the Government and defense counsel would be well-advised to understand that it will be an unusual case where an appeals court overturns a sentence as substantively unreasonable— as the post-Rita, post-Gall case law in the courts of appeals shows.
This new sentencing regime inevitably will lead to sentencing disparities and inequities that can be explained by little more than the identities of the sentencing judges. Unpredictability and uncertainty in sentencing no doubt will ensue. See Gall, 128 S.Ct. at 604-05 (Alito, J., dissenting); In re Sealed Case, 527 F.3d at 199 (Kavanaugh, J., dissenting); United States v. Shy, 538 F.3d 933, 939-40 (8th Cir.2008) (Colloton, J., concurring). But the Supreme Court recognized those consequences to some degree in Booker and Kimbrough. See Kimbrough, 128 S.Ct. at 574; Booker, 543 U.S. at 263-65, 125 S.Ct. 738. And it is not our role to fight a rearguard action to preserve quasi-mandatory Guidelines. To the extent the post-Booker federal sentencing system is unwise or inequitable — or becomes a roll of the dice that depends too much on the sentencing judge- — those concerns must be addressed by the Congress and the President, who have the authority to produce new legislation. After all, as the remedial decision in Booker made plain and as Justice Souter more recently reiterated in Gall, the Sixth Amendment permits mandatory Sentencing Guidelines so long as the jury rather than the judge finds the key sentencing facts used to increase the defendant’s base offense level. See Booker, 543 U.S. at 265, 125 S.Ct. 738 (“Ours, of course, is not the last word: The ball now lies in Congress’ court. The National Legislature is equipped to devise and install, long term, the sentencing system, compatible with the Constitution, that Congress judges best for the federal system of justice.”); Gall, 128 S.Ct. at 603 (Souter, J., concurring) (“I continue to think that the best resolution of the tension between substantial consistency throughout the system and the right of jury trial would be a new Act of Congress: reestablishing a statutory system of *1097 mandatory sentencing guidelines (though not identical to the original in all points of detail), but providing for jury findings of all facts necessary to set the upper range of sentencing discretion.”). The political branches thus retain the power to re-balance the values of individualized sentencing and district court discretion against the goals of sentencing uniformity and predictability.
We affirm the judgment of the District Court.

So ordered.

.Section 3553(a) reads as follows:
The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
(5) any pertinent policy statement—
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7)the need to provide restitution to any victims of the offense.

. Importantly, Gall v. United States distinguished two kinds of appellate sentencing review: procedural and substantive. - U.S. -, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). As to procedure, appellate courts must ensure that the sentencing court: (1) did not improperly calculate or fail to calculate the applicable Guidelines range, (2) did not treat the Guidelines as mandatory, (3) did not fail to consider the 18 U.S.C. § 3553(a) factors, (4) did not select a sentence based on “clearly erroneous facts,” and (5) did not fail to “adequately explain the chosen sentence,” including any deviation from the Guidelines range. Id. at 597. As a procedural matter, therefore, the district court must initially calculate the correct Guidelines range. But the court then may impose a sentence outside that range, and the appellate court’s substantive review of the sentence is only for “unreasonableness.”

. Our research has disclosed no case since Rita where an appeals court has reversed a procedurally proper within-Guidelines sentence as substantively unreasonable.

. In a paragraph discussing the district court’s sentencing responsibilities, the Gall Court explained that the district court must start with the Guidelines as the “initial benchmark” and "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one.” 128 S.Ct. at 596-97. It is important to note that this paragraph of the Gall opinion provided guidance to the district court. The appeals court, by contrast is required to give "due deference” to the district court's "decision that the § 3553(a) factors, on a whole, justify the extent of the variance,” id. at 597, and to apply the "deferential abuse-of-discretion standard of review ... to all sentencing decisions,” id. at 598. “[I]t is not for the Court of Appeals to decide de novo whether the justification for a variance is sufficient or the sentence reasonable.” Id. at 602.

. See, e.g., United States v. Thurston, 544 F.3d 22 (1st Cir.2008) (affirming three-month sentence, constituting time served, and supervised release where applicable Guidelines sentence was 60 months); United States v. Howe, 543 F.3d 128 (3d Cir.2008) (affirming probationary sentence where applicable Guidelines range was 18 to 24 months); United States v. Evans, 526 F.3d 155 (4th Cir. 2008) (affirming 125-month sentence where applicable Guidelines range was 24 to 30 months); United States v. Pauley, 511 F.3d 468 (4th Cir.2007) (affirming 42-month sentence where applicable Guidelines range was 78 to 97 months); United States v. Duhon, 541 F.3d 391 (5th Cir.2008) (affirming probationary sentence where applicable Guidelines range was 27 to 33 months of imprisonment); United States v. Vowell, 516 F.3d 503 (6th Cir.2008) (affirming 780-month sentence where applicable Guidelines range was 188 to 235 months and applicable mandatory minimum was 300 months); United States v. McIntyre, 531 F.3d 481 (7th Cir.2008) (affirming 144-month sentence where applicable Guidelines range was 37 to 46 months); United States v. Austad, 519 F.3d 431 (8th Cir. 2008) (affirming 84-month sentence when applicable Guidelines range was 37 to 46 months); United States v. Ruff, 535 F.3d 999 (9th Cir.2008) (affirming one-day prison term and supervised release where applicable Guidelines range was 30 to 37 months); United States v. Smart, 518 F.3d 800 (10th Cir. 2008) (affirming 120-month sentence where applicable Guidelines range was 168-210 months); cf. United States v. Cutler, 520 F.3d 136 (2d. Cir.2008) (finding 366-day sentence with supervised release substantively unreasonable where applicable Guidelines range was 78 to 97 months); United States v. Abu Ali, 528 F.3d 210 (4th Cir.2008) (finding 30-year sentence for terrorism-related offenses substantively unreasonable where applicable Guidelines range was life imprisonment); United States v. Pugh, 515 F.3d 1179 (11th Cir.2008) (finding probation for child pornography possession substantively unreasonable where the applicable Guidelines range was 97 to 120 months); David C. Holman, Note, Death by a Thousand Cases: After Booker, Rita, and Gall, the Guidelines Still Violate the Sixth Amendment, 50 Wm. & Mary L.Rev. 267, 298-300 (2008) (arguing that a few circuits are improperly preserving a form of proportionality review even after Gall).

. Judge Williams contends that the distinction between procedural and substantive review "is irrelevant here.” Dissenting Op. at 1097. But Gall specifically indicates that appellate courts "must” and "should” divide the sentencing review process into procedural and substantive phases. Gall, 128 S.Ct. at 597. As the Supreme Court has made clear, the procedural requirement that the district court “consider” a particular § 3553(a) factor does not depend on how heavily the court weighs that factor. Compare Gall, 128 S.Ct. at 598-600 (noting repeatedly as part of its procedural review analysis that the District Court "did consider” or "considered” various § 3553(a) factors), with id. at 600, 602 (noting twice under its substantive review analysis that the District Court "quite reasonably attached great weight” to one or another § 3553(a) factor); see also In re Sealed Case, 527 F.3d at 191 ("a district judge need not consider every § 3553(a) factor in every case, and we generally presume the judge 'knew and applied the law correctly’ ”) (quoting United States v. Godines, 433 F.3d 68, 70 (D.C.Cir.2006)). And once the procedural question has been resolved, “the only question for the Court of Appeals” is the substantive question of “whether the sentence was reasonable — i.e., whether the District Judge abused his discretion in determining that the § 3553(a) factors supported” the chosen sentence. Gall, 128 S.Ct. at 600. At times, Judge Williams sug *1095 gests that the District Court committed the procedural error of not having " 'consider[ed] all of the § 3553(a) factors,’ ” particularly the deterrence factor. Dissenting Op. at 1098 (quoting Gall, 128 S.Ct. at 596); see also Gall, 128 S.Ct. at 598. But the Government itself disclaimed any such procedural argument. In any event, contrary to the dissent’s suggestion, the District Court did consider the goal of deterrence, expressly noting that that factor did not weigh heavily in this case. See Hr’g Tr. 56, June 29, 2007. Judge Williams’s real objection appears to be the substantive charge that the District Court did not afford deterrence adequate weight and that the sentence is therefore unreasonable.