JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs and oral arguments of the parties. For the reasons stated below, it is
*425 ORDERED and ADJUDGED that the judgment of the District Court be affirmed.
Defendants were convicted of conspiracy to possess with intent to distribute heroin. In 2004, both defendants received sentences of life imprisonment. In United States v. Henry, 472 F.3d 910 (D.C.Cir. 2007), this Court vacated those sentences and remanded for resentencing pursuant to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). On remand, the District Court resentenced both defendants to life imprisonment.
During resentencing, the District Court painstakingly complied with the procedural requirements of Booker. See United States v. Gardellini, 545 F.3d 1089, 1092 n. 2 (D.C.Cir.2008). Defendants claim, however, that the life sentences the District Court imposed were substantively unreasonable. See Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). We disagree. To begin with, defendants’ life sentences were within the Guidelines range, which in this case was 30 years to life. We afford a presumption of substantive reasonableness to within-Guidelines sentences such as these. See United States v. Dorcely, 454 F.3d 366, 376 (D.C.Cir.2006). Indeed, this Court has not as yet reversed any within-Guidelines sentence as substantively unreasonable. In light of our deferential standard of review and the very serious facts and circumstances relating to the offenses and the defendants, which the District Court addressed at some length at the sentencing hearing, we cannot say that these within-Guidelines sentences were substantively unreasonable. See Gardelli-ni, 545 F.3d at 1093.
Defendants advance a variety of other sentencing-related arguments, none of which is persuasive.
First, defendants assert that application of the Booker remedial opinion results in a “de facto Sixth Amendment violation” because federal courts in practice have continued to treat the Guidelines as mandatory. That claim fails because the District Court in this case did not treat the Guidelines as mandatory.
Second, defendants suggest that the Booker remedial opinion is incorrect. As a lower court, we of course are bound to follow Booker.
Third, defendants argue that due process requires that sentences be based on facts proved to a jury beyond a reasonable doubt. That contention is unavailing because a sentence may be based on facts determined by the sentencing judge by a preponderance of the evidence, as long as the sentence is not greater than the statutory maximum. See United States v. Bras, 483 F.3d 103, 108 (D.C.Cir.2007); Dorcely, 454 F.3d at 371-73.
Fourth, defendants contend that sentencing them under Booker for their pr e-Booker offenses violates ex post facto principles. That claim fails because this Court has held that application of Booker to a pr e-Booker offense does not violate ex post facto principles, at least so long as the sentence does not exceed the applicable Guidelines range, which it did not in this case. See United States v. Alston-Graves, 435 F.3d 331, 343-44 (D.C.Cir.2006).
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C. CIR. R. 41(b).