UNITED STATES of America, Appellee

v.

Tammie KING, Appellant.

No. 08–3096.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 17, 2010.

Roy W. McLeese, III, Esquire, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Ernest W. McIntosh, Jr., Esquire, Newman & McIntosh LLC, Bethesda, MD, for Appellant.

Before: GINSBURG and KAVANAUGH, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

### *JUDGMENT*

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs and oral arguments of the parties. For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the District Court be affirmed.

Tammie King was sentenced to 15 years and 8 months after her guilty plea conviction for conspiracy to distribute and to possess with intent to distribute PCP and cocaine. King argues that the District Court miscalculated the Guidelines range by denying downward adjustments to the base offense level for her role in the offense and her acceptance of responsibility. *See* U.S. SENTENCING GUIDELINES MANUAL §§ 3B1.2, 3E1.1. This Court gives "due deference" to a district court's decision that specific conduct warrants an adjustment to the base offense level under the Guidelines. *See United States v. Tann,* 532 F.3d 868, 874 (D.C.Cir.2008). The District Court's decision in King's case is permissible under that deferential standard of review. The Court reasonably concluded that King's role—which included introducing drug suppliers to drug dealers and brokering drug transactions—was not minor. *Cf.* U.S. SENTENCING GUIDELINES MANUAL § 3B1.2 cmt. n. 3(A) (providing example of defendant who only transported or stored drugs as one with a minor role). The Court also reasonably ruled that King, who absconded for over two years after pleading guilty and committed another criminal offense during that time, had not accepted responsibility for the offense of conviction. We therefore reject King's argument that the District Court erred in calculating the Guidelines offense level. Furthermore, because the District Court conducted a thorough analysis of the 18 U.S.C. § 3553(a) factors before sentencing King at the bottom of the Guidelines range, and because the within-Guidelines sentence was not unreasonably high or low, we find the sentence both procedurally and substantively reasonable. *See Gall v. United States,* 552 U.S. 38, 49–50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Gardellini,* 545 F.3d 1089, 1093–94 (D.C.Cir.2008); *United States v. Dorcely,* 454 F.3d 366, 376 (D.C.Cir.2006) ("a sentence within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.