UNITED STATES of America, Appellee

v.

Ronald Eugene CARL, Appellant.

No. 11–3011.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 14, 2012.

John L. Hill, Assistant U.S., Roy W. McLeese, III, Esquire, Assistant U.S., U.S. Attorney's Office, Washington, DC, for Appellee.

Joseph Roll Conte, Charles Jay Soschin, Law Offices of J.R. Conte, Washington, DC, for Appellant.

Before: ROGERS and KAVANAUGH, Circuit Judges, and GINSBURG, Senior Circuit Judge.

### *JUDGMENT*

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is **ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Ronald Carl pled guilty to traveling in interstate commerce for the purpose of engaging in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b). His advisory Sentencing Guidelines range was 46 to 57 months. The District Court imposed a sentence at the bottom of that range—46 months. On appeal, Carl claims the Dis-

trict Court abused its discretion by committing procedural errors and imposing a substantively unreasonable sentence.

■ Carl claims the District Court made two procedural errors: failing to consider his poor health and failing to adequately explain the sentence. In view of the relevant Supreme Court precedent, Carl's claim of procedural error fails. When a district court does not consider the factors set forth in 18 U.S.C. § 3553(a) in imposing a sentence or does not adequately explain the chosen sentence, it commits procedural error. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). One Section 3553(a) factor is whether the sentence provides the defendant with needed medical care in the most effective manner. 18 U.S.C. § 3553(a)(2)(D). In *Rita v. United States,* the defendant cited three special circumstances—including his health—in asking the sentencing judge for a sentence below the Guidelines range. *See* 551 U.S. 338, 358, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). The sentencing judge in that case "listened to each argument," "considered the supporting evidence," and understood each special circumstance. *Id.* But the sentencing judge never explicitly addressed the circumstances. Instead, the judge "simply found these circumstances insufficient to warrant a sentence lower than the Guidelines range," explaining that the Guidelines range was "not inappropriate" and the sentence imposed was "appropriate." *Id.* (internal quotation marks omitted). The Supreme Court held that was sufficient. *See id.* at 359, 127 S.Ct. 2456; *see also United States v. Gardellini,* 545 F.3d 1089, 1094 n. 6 (D.C.Cir.2008) ("the procedural requirement that the district court 'consider' a particular § 3553(a) factor does not depend on how heavily the court weighs that factor"). Here, the District Court did even more. It noted that

Carl had "been on disability for over six years" and had been "in declining physical health" and "battling mental health challenges." Tr. of Sent. Hr'g at 9, Jan. 18, 2011. And it said that the sentence would provide Carl "with any needed medical care or other correctional treatment in the most effective manner." *Id.* at 10. The District Court therefore clearly considered Carl's need for medical care. The District Court explained, however, that other facts—the "horrifying" nature of the crime and the "need to avoid unwarranted sentencing disparity among defendants"—favored the 46–month sentence. *Id.* at 9–10. Because the District Court considered the Section 3553(a) factors and explained why it imposed the chosen sentence, it did not commit procedural error.

■ Carl also claims his sentence is substantively unreasonable in light of his health problems. A sentencing judge "must consider and balance a number of factors," some of which will point in different directions. *Gardellini,* 545 F.3d at 1095. This Court applies a presumption of reasonableness to sentences in the Guidelines range—"the upshot being that a within-Guidelines sentence will almost never be reversed on appeal as substantively unreasonable." *Id.* at 1092. Here, the District Court concluded that other factors counterbalanced Carl's declining health. In particular, the District Court found Carl's "enthusiasm about subjecting a child to the degradation of sexual abuse" to be "frankly horrifying." Tr. of Sent. Hr'g at 9. Carl would have us focus on his health and elevate that single Section 3553(a) factor "above all others." *Gardellini,* 545 F.3d at 1095. But we must defer to the District Court's reasoned balancing of the competing factors. Carl's within-Guidelines sentence was not substantively unreasonable.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.