# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1152

_____

United States of America

*Plaintiff - Appellee*

v.

Rotimi Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 23, 2014
Filed: September 17, 2014
[Unpublished]

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Rotimi Williams appeals the fourteen-month sentence imposed by the district court[1] following his guilty plea to conspiracy to obstruct the lawful functioning of the

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Internal Revenue Service and identity theft. Williams contends the sentence was substantively unreasonable because the district court failed to give proper consideration to his good character and years of public service. We affirm.

At times between 2008 and 2011, Williams worked as an income tax preparer. To generate fraudulent refunds for several clients, Williams used stolen identity information to allow his clients to claim dependents they did not have. On April 15, 2013, National Tax Day, a grand jury indicted Williams with one count of conspiracy, in violation of 18 U.S.C. § 371, and twelve counts of identity theft, in violation of 18 U.S.C § 1028(a)(7).

Pursuant to a plea agreement, Williams pleaded guilty to the conspiracy count and four of the identity theft counts. Williams's adjusted offense level was calculated to be 13, with an anticipated criminal history category of I, which yielded an advisory guideline sentence range of 12-18 months. Williams sought a downward variance, citing several factors, including: (a) the need to assist his half-brother who is afflicted with end-stage renal disease, (b) that Williams is a dedicated public servant and former employee of the United Nations and the Organization of African Unity, and (c) that Williams is a good father to his two children.

During sentencing, the district court specifically acknowledged each of the factors cited by Williams. The district court also emphasized, however, Williams had committed "one of the more serious crimes that stand before this Court," noting Williams was a professional tax preparer which made his case different from the "average guy" who cheated on his tax return. The district court also noted Williams broke the trust upon which the voluntary tax payment system is based. The court then imposed a within-guidelines sentence of fourteen months in prison.

Williams challenges only the substantive reasonableness of his sentence. "When we review the imposition of sentences, whether inside or outside the

Guidelines range, we apply 'a deferential abuse-of-discretion standard.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting, inter alia, Gall v. United States, 552 U.S. 38, 41 (2007)). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (internal quotation marks omitted). Simply because we "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal[.]" Gall, 552 U.S. at 51. "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." Feemster, 572 F.3d at 464 (quoting United States v. Gardellini, 545 F.3d 1089, 1090 (D.C. Cir. 2008) (internal quotation marks omitted)).

Our review of the record indicates the district court properly considered the 18 U.S.C. § 3553(a) factors and imposed a within-guidelines sentence, which we presume to be reasonable. United States v. Rubashkin, 655 F.3d 849, 869 (8th Cir. 2011). Nothing indicates the district court failed to consider a relevant factor, gave improper weight to an improper or irrelevant factor, or committed a clear error in judgment in weighing those factors. The district court considered Williams's devotion to his family and community. Yet, the district court also highlighted the seriousness of Williams's conduct and his position as a professional tax preparer. In considering these factors and the district court's reasoning, we cannot say this is "the unusual case" requiring reversal. Therefore, we affirm.

_____