# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Submitted November 6, 2015       Decided January 8, 2016

No. 14-3058

IN RE: SEALED CASE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:07-cr-00053-1)

———

Before: SRINIVASAN, *Circuit Judge*, and WILLIAMS and
GINSBURG, *Senior Circuit Judges*.

Opinion for the Court filed by *Senior Circuit Judge*
GINSBURG.

The appellant in this case pleaded guilty to a federal
crime. Following his guilty plea, he was sentenced and then
resentenced on three subsequent occasions. In this appeal, he
challenges on both procedural and substantive grounds the
last-imposed sentence, pursuant to which the appellant is
subject to a term of supervised release ending in January
2016. After rejecting the Government's argument that the
case is moot, we affirm the judgment of the district court.

## I.      Background

In 2007 the appellant pleaded guilty to one count of
conspiracy to participate in a racketeer influenced corrupt

organization, in violation of 18 U.S.C. §§ 1962(d), 1963, and was subsequently sentenced to 108 months of incarceration, to be followed by 60 months of supervised release.

After filing an appeal in which he challenged his initial plea agreement on various grounds including ineffective assistance of counsel, the appellant entered into a new sentencing agreement with the Government, pursuant to which the district court sentenced him to a period of incarceration comprising time served plus 30 days, to be followed by 60 months of supervised release, six of which, at the appellant's request, were to be spent in a halfway house. While in residence at the halfway house, the appellant repeatedly violated the terms of his supervised release by, among other things, indulging in alcohol and failing to participate in anger-management counseling.

In consequence of his violations, the district court vacated its earlier sentencing decision and imposed a third sentence, this time comprising 20 months of imprisonment to be followed by one year of supervised release. On appeal, this court vacated that sentence, explaining that "it was plain error for the district court to impose a sentence [for violation of the terms of supervised release] in excess of the Guideline range without providing a written statement of reasons." The district court then re-imposed the sentence of 20 months incarceration to be followed by one year of supervised release, this time supported by a memorandum opinion in which it set forth its reasons for the sentence imposed. Specifically, the district court rehearsed the appellant's various violations of the terms of his supervised release and noted that "the sentence ... was intended to resolve multiple violations in one fell swoop and to reduce the term of supervision thereafter significantly ... for the purpose of ensuring that [the appellant] obtains anger management

counseling upon his re-introduction to the community and to release him from oversight relatively quickly."

## II.    Analysis

We address first the Government's assertion that the appellant's case is moot.  We then turn to the substance of the appellant's challenge to his current sentence.

### A. Mootness

The appellant has completed his term of incarceration. His term of supervised release is scheduled to end in January 2016, but a district court "may modify, reduce, or enlarge the conditions of supervised release[] at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2). Although the appellant is still serving his term of supervised release, the Government argues this case is already moot: "Because appellant's sole substantive challenge is to the length of his incarceration, and because appellant is no longer in prison, this Court can offer appellant no effectual relief."

We reject the Government's argument and instead follow the approach set out in our decision in *United States v. Epps*, 707 F.3d 337 (D.C. Cir. 2013).  There we held this court had jurisdiction to adjudicate a sentencing challenge brought by an appellant who had completed his prison sentence but not his period of supervised release.  *Id.* at 342.  The essence of Epps's argument, which we accepted, was that "reduction of [his] term of imprisonment would ... enhance his prospect for securing a similar reduction in his term of supervised release." *Id.* at 343.

Notwithstanding *Epps*, the Government asserts the potential relief available to the appellant in this case — "a reduction of the yet-to-be-served ... portion of his 12-month supervised release term" — is "unlikely in the extreme, particularly in light of the district court's rationale for its sentence, and the fact that the district court has *already reduced* appellant's supervised-release term by 80%." The Government further asserts the possibility of such a reduction is "simply too speculative to give rise to a case or controversy."

In *Epps*, however, we pointed out that "because of the relationship between a prison sentence and supervised release ... there seems to be a very substantial likelihood that a ruling that Epps' incarceration should have been shorter would influence the district court's readiness to reduce his term of supervised release." *Id.* at 345. The relationship between a prison sentence and supervised release is not exactly the same here because appellant challenges a sentence imposed upon revocation of supervised release rather than his original sentence imposed for the underlying crime. We nonetheless find that the possibility of a reduction of supervised release is not unduly speculative in these circumstances so as to render the case moot.

## B. Appellant's sentencing challenge

The imposition of a sentence may be challenged for procedural error as well as for substantive unreasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). The appellant challenges his sentence in both respects.

### 1. Procedural error

If a procedural objection was timely made before the district court, then the resulting sentence is subject to review for abuse of discretion. *United States v. Wilson*, 605 F.3d 985, 1033-34 (D.C. Cir. 2010). If such an objection was not timely made before the district court, then our review is only for plain error. *Id* at 1034.

The appellant asserts that abuse-of-discretion review is appropriate in this case. The Government counters that any procedural error should be subject to plain error review because the appellant "found no fault" with the district court proceedings while they were ongoing. It is not necessary to resolve which standard is appropriate in this case, however, as the appellant has failed to identify any procedural error that would constitute an abuse of discretion, much less a plain error.

It is a procedural error for a district court to premise a sentence upon a clearly erroneous fact. *Gall*, 552 U.S. at 51. In this case, the appellant argues his sentencing was procedurally deficient because "the reasons given to support the above range re-sentence were not supported by the facts." Specifically, the appellant argues he was required to spend a portion of his supervised release in a halfway house only if "he had no suitable location to reside at when released"; "the commitment order incorrectly reflected the sentence concerning the halfway house requirement"; and "the events that flowed from this halfway house dispute became the eventual basis" for his sentence.

During his second sentencing hearing, the district court said that:

> The condition of supervised release is that you spend six months in a halfway house or transitional housing at the discretion of the probation office if it is available and needed.

As the Government acknowledges, the words "and needed" were omitted from the district court's later-written judgment. Nonetheless, the district court in its written statement of reasons accompanying the appellant's last sentencing hearing explained why, in its view, the appellant needed the halfway house, notwithstanding the availability of alternative accommodations:

> The Court ... had ordered six months in a halfway house or transitional housing because of a lack of a place to go upon [the appellant's] release from the Bureau of Prisons, but also because the Court knew [the appellant] and knew his speed with which he gets very angry. And between the time he got out of jail and the time the halfway house became available, his compliance with the terms of his release were such that it made the Court very concerned.

Any error or omission in the district court's earlier written judgment is therefore beside the point; far from proceeding upon the basis of "clearly erroneous" facts, the district court acknowledged the appellant's contention that he should have been excused from the halfway house requirement and explained why, in keeping with the court's intended sentence, he would not be excused from it.

## 2. Substantive reasonableness

The substantive reasonableness of a sentence is reviewed for abuse of discretion. *Gall*, 552 U.S. at 51. Whether an

above-Guidelines sentence constitutes an abuse of discretion must be determined with "due deference to the district court's decision that the [18 U.S.C. § 3553(a)] factors, on [the] whole, justify the extent of the variance." *Id.* Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and] (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner...."

18 U.S.C. § 3553(a).

This court must decide whether to defer to the district court's decision bearing in mind that

> the § 3553(a) factors that district courts must consider at sentencing are vague, open-ended, and conflicting; different district courts may have distinct sentencing philosophies and may emphasize and weigh the individual § 3553(a) factors differently; and every sentencing decision involves its own set of facts and circumstances regarding the offense and the offender .... It will be the unusual case when an appeals court can plausibly say that a sentence is so unreasonably high or low as to constitute an abuse of discretion by the district court.

*United States v. Gardellini*, 545 F.3d 1089, 1093 (D.C. Cir. 2008).

The transcript of the district court's fourth and final sentencing hearing and the court's written justification for the above-Guidelines term of imprisonment indicate that the district court took into account the appellant's specific violations of the terms of his release, his challenge to the requirement that he report to a halfway house, his professed contrition, and factors indicating his contrition was insufficient to ensure "a lesser sentence would fulfill the goals of sentencing and supervision." Notwithstanding the additional hardship imposed by a longer time in prison, the district court's simultaneous reduction in appellant's term of supervised release indicates the court was indeed seeking to balance the sentencing factors outlined in 18 U.S.C. § 3553(a), particularly as regards "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed ... to protect the public from further crimes of the defendant[] and ... to provide the defendant with ... other correctional treatment" in the form of anger-management counseling. There is nothing in the record, therefore, that indicates the district court abused its discretion in the sentence here under review.

### III. Conclusion

For the foregoing reasons, the judgment of the district court is

*Affirmed.*