# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2115
_____

United States of America

*Plaintiff - Appellee*

v.

Jimmy Fant, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Arkansas
_____

Submitted: September 15, 2025
Filed: November 21, 2025
[Unpublished]
_____

Before BENTON, GRASZ, and KOBES, Circuit Judges.
_____

PER CURIAM.

Jimmy Fant, Jr., pled guilty to wire fraud and money laundering. He now appeals his 108-month sentence arguing the district court[1] improperly applied the

---

[1]The Honorable Timothy L. Brooks, then United States District Judge for the Western District of Arkansas, now Chief Judge.

sophisticated means enhancement and imposed a substantively unreasonable sentence. We affirm.

Beginning in 1999, Fant was employed as an accountant by White River Hardwood and Woodworking, Inc. (White River). Fant was later promoted to chief financial officer in 2015 and managed the finances of White River and two related entities: Matrix Investment, LLC and Castle Dromborg, LLC. Between 2014 and January 2023, Fant used various schemes to defraud his employers of $5.2 million. In January 2023, Fant left his position with White River. After White River hired a new accountant, it uncovered Fant's fraud.

The government charged Fant with one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of money laundering in violation of 18 U.S.C. § 1957. Fant pled guilty to both charges and the district court accepted his knowing and voluntary plea.

Fant's sentencing range was calculated at 57 to 71 months based on a total offense level of 25 and a criminal history score of I. The district court applied a two-level enhancement for the use of sophisticated means pursuant to the United States Sentencing Guidelines Manual (Guidelines). U.S.S.G. § 2B1.1(b)(10)(C). After considering the 18 U.S.C. § 3553(a) factors, the district court varied above the Guidelines range and imposed a sentence of 108 months of imprisonment.

On appeal, Fant argues the district court procedurally erred by applying the sophisticated means enhancement and that it imposed a substantively unreasonable sentence. Neither argument prevails.

First, we consider Fant's challenge to the sophisticated means enhancement. The Guidelines provide for a two-level enhancement when an offense, "involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means[.]" U.S.S.G. § 2B1.1(b)(10)(C). "Sophisticated means" is defined as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2B1.1, comment. n.9(B). "The sophisticated-means enhancement is proper when

-2-

the offense conduct, viewed as a whole, 'was notably more intricate than that of the garden-variety [offense].'" *United States v. Jenkins*, 578 F.3d 745, 751 (8th Cir. 2009) (alteration in original) (quoting *United States v. Hance*, 501 F.3d 900, 909 (8th Cir. 2007)). "Repetitive and coordinated conduct, though no one step is particularly complicated, can be a sophisticated scheme." *United States v. Finck*, 407 F.3d 908, 915 (8th Cir. 2005).

We review the district court's application of the Guidelines de novo. *Finck*, 407 F.3d at 913. And we review "the factual finding of whether a . . . scheme qualifies as 'sophisticated' for clear error." *United States v. Brooks*, 174 F.3d 950, 958 (8th Cir. 1999).

Fant contends his fraud was not complex, was easily discoverable, and therefore, the district court erred in applying the sophisticated means enhancement. We disagree. The record demonstrates Fant used his position as an accountant and chief financial officer to devise, implement, and conceal multiple schemes to defraud White River of $5.2 million over eight years. Viewed holistically, Fant's repetitive and coordinated conduct, though simple in nature, was notably more intricate than that of a garden-variety fraud scheme. Accordingly, the district court did not clearly err in finding Fant used sophisticated means to commit his fraud and did not otherwise err in applying the enhancement.

Second, Fant argues the district court imposed a substantively unreasonable sentence by failing to give proper weight to mitigating factors such as his acceptance of responsibility, age, and poor health.

We review the substantive reasonableness of the sentence under "a deferential abuse-of-discretion standard[.]" *Gall v. United States*, 552 U.S. 38, 52 (2007). In arriving at Fant's 108-month sentence, the district court considered the factors under 18 U.S.C. § 3553(a). It considered his lack of criminal history, lack of violence, early acceptance of responsibility, poor health, and age as particularly mitigating. However, the district court found the severity of Fant's offense, his abuse of his positions of trust, and lack of remorse especially aggravating. Considering these factors, the district court imposed a sentence above the Guidelines range.

The district court did not abuse its discretion by weighing the 18 U.S.C. § 3553(a) factors differently than Fant would have preferred or by imposing a sentence above the Guidelines range. *See United States v. Bridges*, 569 F.3d 374, 379 (8th Cir. 2009) ("The district court has wide latitude to weigh the [18 U.S.C.] § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence."). "[I]t will be the unusual case when we reverse a district court sentence – whether within, above, or below the applicable Guidelines range – as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (citing to *United States v. Gardellini*, 545 F. 3d 1089, 1090 (D.C. Cir. 2008)); *see also United States v. Obi*, 25 F.4th 574, 581—82 (8th Cir. 2022) (upholding a sentence above a Guidelines range sentence). Fant has failed to convince us this is one of those times. The 108-month sentence was not substantively unreasonable.

For the above reasons, we affirm the district court's judgment.

_____