# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1182

_____

United States of America

*Plaintiff - Appellee*

v.

Robert M. Hertz

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: November 14, 2016
Filed: January 25, 2017
[Unpublished]

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Robert M. Hertz pled guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court sentenced him as an Armed Career Criminal to 188 months' imprisonment. He appeals, challenging the Armed Career Criminal determination and sentence. Having jurisdiction under 28 U.S.C. § 1291, this court vacates the sentence and remands.

The Armed Career Criminal Act enhances sentences for defendants who possess firearms after three convictions for a "violent felony or a serious drug offense," including "burglary, arson, or extortion." 18 U.S.C. § 924(e). The Indictment alleged Hertz had been convicted of two violent felonies and one serious drug offense, subjecting him to the ACCA.

Before sentencing, Hertz disputed that his 1992 Washington state second-degree burglary conviction was a violent felony. The Washington statute stated:

> A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle or a dwelling.

RCW § 9A.52.030(1). Building, "in addition to its ordinary meaning," included:

> any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale or deposit of goods; each unit of a building consisting of two or more units separately secured or occupied is a separate building.

RCW § 9A.04.110(5).

At sentencing, the government presented the certified charging and conviction records for the second-degree burglary. The Information alleged Hertz did:

> unlawfully and feloniously with intent to commit a crime against a person or property therein, enter or remain unlawfully in a building located at 10218 36th St. E., Puyallup, 98372, known as a building belonging to Merrill Barker, contrary to RCW 9A.52.030(1), and against the peace and dignity of the State of Washington.

The Judgment showed Hertz pled guilty to "Burglary in the Second Degree," in violation of Revised Code of Washington 9A.52.030(1).

Finding the second-degree burglary to be a violent felony, the district court sentenced Hertz as an Armed Career Criminal to 188 months.

This court reviews de novo whether a prior conviction is a violent felony under 18 U.S.C. § 924(e). *United States v. Sykes*, 809 F.3d 435, 438 (8th Cir. 2016).

Hertz argues that the second-degree burglary conviction is not a violent felony under the ACCA because the Washington statute is more inclusive than generic burglary. If the conviction is not a violent felony, Hertz does not have three prior ACCA convictions.

In supplemental briefing after the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), the government concedes Hertz's second-degree burglary conviction is not a violent felony. *See also United States v. Thorne*, 837 F.3d 888, 889 (8th Cir. 2016) (government conceding the same). Like the Iowa statute in *Mathis*, the Washington statute is over inclusive—it includes alternatives not in the generic definition of burglary. It also is non-divisible—it defines one crime, with one set of elements, but lists alternative means to satisfy those elements. *See Mathis*, 136 S. Ct. at 2250. The second-degree burglary conviction is not a violent felony.[1]

* * * * * * *

The sentence is vacated, and the case remanded for resentencing.

———————————————

[1] This court need not consider Hertz's second argument that the Information and Judgment were insufficient to conclude he burglarized a building.