# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1970

_____

United States of America

*Plaintiff - Appellee*

v.

Steven Petersen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: January 9, 2017
Filed: February 22, 2017

_____

Before RILEY, Chief Judge, LOKEN and BENTON, Circuit Judges.

_____

RILEY, Chief Judge.

While serving his term of supervised release, Steven Petersen left a voice mail soliciting his daughter to commit an assault on Petersen's behalf. The district court[1] revoked Petersen's supervised release and committed Petersen to the Bureau of

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Prisons for 8 months followed by one year of supervised release. Petersen appeals, arguing there was insufficient evidence to find he committed a new offense and his new sentence is substantively unreasonable. We affirm. See 28 U.S.C. § 1291 (appellate jurisdiction).

## I. BACKGROUND

Petersen pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) in 2008. The district court sentenced Petersen to 78 months imprisonment followed by a three-year term of supervised release. Petersen began his term of supervised release in August 2013. Among other conditions, Petersen was prohibited from unlawful drug use, "entering bars, taverns, or other establishments whose primary source of income is derived from the sale of alcohol," and committing a subsequent federal, state, or local crime and was required to submit to periodic drug testing.

Petersen initially had difficulties while on supervised release, including refusing to work with female probation officers and making threatening statements. In February 2014, Petersen failed a drug test and admitted to using marijuana. The district court modified the conditions of Petersen's supervised release and required him to serve two consecutive weekends in jail in March 2014. For almost two years following this modification, Petersen complied with all conditions of his supervised release, including completing substance abuse and mental health treatment and submitting to all drug tests.

In February 2016, while still on supervised release, Petersen attended a memorial held at a bar, intending to meet friends. Petersen did not enter the bar itself, but sat at a table located on the patio of the bar. At his sentencing hearing, Petersen admitted to entering the same bar several months prior. The bar's manager, Betty Cole, requested that her friend, Kathy Speicher, tell Petersen to leave. Speicher approached Petersen and told him Cole did not want Petersen at the bar. According

-2-

to Speicher, Petersen was "pleasant" and "nice" to her, but as he turned to leave, Petersen told Speicher to relay to Cole that "I'm coming back and we're going to have words." Speicher testified Petersen then said "No, you tell her that I'm coming back, and I'm going to get in her face and we're going to have words" and followed that comment with "No, you tell her I'm coming back, and I'm bringing a gun." Petersen denied this version of events, yet did admit "[i]f [he] said anything like that, [he] said, 'Tell Betty to get her gun.'" Speicher and Petersen agreed Petersen then left the premises.

Shortly after Petersen left, he called his daughter, Benita Petersen, who was inside the bar for the memorial. Petersen left his daughter a voice mail in which he said: "[Cole] just threw me out of . . . [the bar] and I want her . . . head and you're the woman enough to do it. . . . I did a job for you once now I wanna return the favor, bust her . . . nose. I'll pay ya a hundred dollars and I'll pay all your fines. Go in there and bust her ass up, alright . . . Please? Thank you bye." (Last ellipsis in original). Petersen testified he was just "venting" and did not intend actually to hire his daughter to assault Cole; however, Petersen never contacted Benita to tell her he did not want her to assault Cole. Benita later played the message for her fiancé, who then informed Cole of Petersen's comments.

Cole reported the details of the incident to a deputy sheriff, but chose not to write out a statement. Charges subsequently were filed against Petersen in state court for solicitation to commit an aggravated misdemeanor in violation of Iowa Code § 705.1(3). Petersen's probation officer filed a petition to revoke Petersen's supervised release based on four violations: failure to comply with drug testing in February 2014, use of a controlled substance in February 2014, a new violation based on the February 2016 incident resulting in the state charge for solicitation, and entering a bar in February 2016.

At a revocation hearing held April 19, 2016, the district court explicitly relied on statements made by Speicher, the deputy sheriff, and Benita and found Petersen not totally credible. The district court found Petersen committed the new crime of solicitation to commit an aggravated misdemeanor,[2] which it treated as a grade C violation under United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 7B1.1(a)(3). Based on that violation and Petersen's criminal history category II at the time of his original sentencing, the Guidelines range of imprisonment was 4 to 10 months. See id. § 7B1.4. The government requested a revocation sentence within the Guidelines range, but Petersen asked for no more than 30 days in jail. The district court considered the 18 U.S.C. § 3553(a) factors and noted Petersen had a history of mental illness, substance abuse, and violent tendencies and was a high risk to recidivate. The district court revoked Petersen's supervised release and sentenced him to 8 months imprisonment followed by a one-year term of supervised release. Petersen filed this timely appeal, asserting (1) the evidence was insufficient to show by a preponderance that he committed a new offense, and (2) 8 months imprisonment was a substantively unreasonable sentence.

## II.    DISCUSSION

A district court may "revoke supervised release if the government proves by a preponderance of the evidence that the defendant violated a condition of supervised release." United States v. Boyd, 792 F.3d 916, 919 (8th Cir. 2015); see also 18 U.S.C. § 3583(e)(3). We review such a revocation decision for abuse of discretion, and we review any findings of fact as to whether or not a violation occurred for clear error. See Boyd, 792 F.3d at 919. We reverse a revocation

---

[2]In imposing the sentence, the district court did not consider that Petersen violated his terms of supervised release by entering a bar because "that might be questioned by an appellate court," but did find Petersen was on property that constituted a bar.

decision only if we have "'a definite and firm conviction that the District Court was mistaken.'" Id. (quoting United States v. Willis, 433 F.3d 634, 636 (8th Cir. 2006)).

The district court found by a preponderance of the evidence Petersen committed the state crime of soliciting an aggravated misdemeanor. Iowa Code § 705.1 prohibits "command[ing], entreat[ing], or otherwise attempt[ing] to persuade [another] person to commit a particular felony or aggravated misdemeanor, with the intent that such act be done and under circumstances which corroborate[] that intent." Assault with intent to inflict serious injury upon another is an aggravated misdemeanor. See id. § 708.2(1). At the revocation hearing, the government introduced into evidence the voice mail Petersen left for Benita requesting she "bust [Cole's] . . . nose" in exchange for $100 and payment of any subsequent fines. Petersen's own words are sufficient evidence he attempted to persuade Benita to commit the particular aggravated misdemeanor of assault.

Petersen contends there was no evidence he subjectively intended to solicit Benita to commit an aggravated misdemeanor. "Because it is difficult to prove intent by direct evidence, proof of intent usually consists of circumstantial evidence and the inferences that can be drawn from that evidence." State v. Grant, 722 N.W.2d 645, 647-48 (Iowa 2006). Both Petersen and Benita testified Petersen was just "venting." However, Petersen also testified he "maybe" would have followed through with the solicitation if Benita had called him back to accept his offer because he was "being treated so poorly," and Benita testified she understood Petersen's message to mean Petersen would in fact pay her $100 and her fines if she assaulted Cole. In addition, Petersen's threatening comments made to Speicher and then Petersen's own testimony demonstrate he was "upset" with Cole. Petersen testified he never called Benita after leaving the voice mail and never attempted to withdraw his offer of payment for the assault. The district court did not clearly err in finding these facts, and taken together, these facts show by a preponderance of the evidence Petersen

solicited Benita to assault Cole and thus violated a condition of his supervised release.

Petersen also challenges his 8 months imprisonment as substantively unreasonable. "We review the substantive reasonableness of a sentence for abuse of discretion." United States v. Harlan, 815 F.3d 1100, 1107 (8th Cir. 2016). A district court abuses its discretion in sentencing "if the district court 'fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" United States v. Lozoya, 623 F.3d 624, 626 (8th Cir. 2010) (quoting United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007)). We may apply a presumption of reasonableness to a sentence within the Guidelines range. See Gall v. United States, 552 U.S. 38, 51 (2007). "'[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable.'" United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting United States v. Gardellini, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

As Petersen points out, he complied with all conditions of his supervised release for the nearly two years immediately preceding the current incident, yet the district court had previously modified his term of supervised release in March 2014 for failure to comply with drug testing. The district court highlighted Petersen's completion of a drug education program, but also mentioned Petersen's disciplinary problems while completing that program. In setting Petersen's sentence, the district court explicitly "considered the factors at 18 [U.S.C.] § 3553(a)," determined "Petersen poses a risk to the public safety," and found Petersen's own testimony and prior convictions, including carrying a weapon and assault causing bodily injury, demonstrate "violent tendencies." Petersen does not point to any "'relevant factor that should have received significant weight'" or give any other indication the district

court committed a "'clear error of judgment in weighing'" the relevant factors. <u>Lozoya</u>, 623 F.3d at 626 (quoting <u>Watson</u>, 480 F.3d at 1177). This is not the "'unusual case'" where a sentence is substantively unreasonable. <u>Feemster</u>, 572 F.3d at 464 (quoting <u>Gardellini</u>, 545 F.3d at 1090).

## III. CONCLUSION

Finding no error and no abuse of discretion, we affirm.

_____