# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-2235

———————————————

United States of America

*Plaintiff - Appellee*

v.

Robert M. Hertz

*Defendant - Appellant*

——————

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

——————

Submitted: May 14, 2018
Filed: July 12, 2018
[Unpublished]

——————

Before BENTON, KELLY, and STRAS, Circuit Judges.

——————

PER CURIAM.

Robert M. Hertz pled guilty to being a felon in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court[1]

———————————————

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

sentenced him as an armed career criminal to 188 months' imprisonment (guidelines range was 188 to 235 months). On appeal, this court held Hertz was not an armed career criminal under *Mathis v. United States*, 136 S. Ct. 2243 (2016). *See United States v. Hertz*, 673 Fed. Appx. 606, 606 (8th Cir. 2017). This court vacated the sentence and remanded. *Id.* On remand, the district court sentenced Hertz to the statutory maximum of 120 months' imprisonment. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Hertz believes the district court's 120-month sentence (guidelines range is 78 to 97 months) is substantively unreasonable because the district court improperly weighed the applicable sentencing factors and excessively weighed his criminal history, obstructive conduct, and disciplinary history while incarcerated. This court reviews "the substantive reasonableness of a sentence for abuse of discretion." *United States v. Petersen*, 848 F.3d 1153, 1157 (8th Cir. 2017). An abuse of discretion occurs in sentencing "if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *Id.* (internal quotation marks omitted). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Imposing the statutory maximum, the court said it "considered each and every factor under 18 United States Code Section 3553(a)." It then explained its decision to vary upward:

> The Court has decided to vary upward. The Court finds the sentence that is sufficient but not greater than necessary to achieve the goals of sentencing is a 120-month sentence. And these are the reasons why.

First of all, back in January of 2016 when I sentenced Mr. Hertz, I found 188 months was the appropriate disposition, the sentence that was sufficient but not greater than necessary to achieve the goals of sentencing. The decision by the United States Supreme Court caps the maximum sentence at 120 months, which, in my opinion, is not sufficient given this defendant's history and characteristics, his criminal conduct, and the other 3553(a) factors. But I'm now in a position where the maximum sentence I can give is 120 months, and not the 188 months that was available under the armed career criminal statute. So the variance is based on the nature and circumstances of the offense of conviction, the need for the sentence to reflect the seriousness of the offense, and promote respect for the law, and be a just punishment.

Talking more specifically about Mr. Hertz, first, in terms of his prison record thus far—and we have a printout, current as of April 26th of 2017. From that record, he has engaged in some educational programming, apparently a class on Churchill, long-distance running, power walking. I'm not sure that he has participated in any treatment thus far. It may be, but Government Exhibit 11 does not focus on that.

But I think what is significant here is on Page 3 of 3 of the document filed at Document 60-1. I sentenced him January 7th in 2016, and a few months later, he had already had his first serious offense within the Bureau of Prisons, which was fighting with another person, which is a level 201 infraction under the Bureau of Prisons' disciplinary policy. As far as I know, that is the only disciplinary report he's had thus far, but it is a serious one. And it really is very characteristic of Mr. Hertz, which is why I am—one of the reasons I'm varying upward.

Mr. Hertz has a very serious criminal history. While the Sentencing Commission does not classify burglaries anymore as violent offenses, nonetheless, it is a very serious offense that invades the rights of others. And, of course, the arson and the facts and circumstances surrounding the arson are extremely serious. And neither of those were scored or given criminal history points. And, therefore, the criminal history category III is really not capturing all of his criminal behavior, and it's obviously not capturing the likelihood that he will commit further crimes in the future.

-3-

The other reason that the Court is varying upward to the statutory maximum is defendant's obstructive conduct in this case. And in Mr. Murphy's sentencing memo, at Document 57, on Page 5, he goes through the acts of obstruction. And in my opinion, a 2-level increase in computing the advisory guidelines does not capture the seriousness of his obstructive conduct or the multiple types and instances of obstructive conduct.

The defendant's criminal history and, as noted, his performance while in the Bureau of Prisons, establishes that he is a violent, threatening person. He's at high risk to recidivate. We have the arson facts and circumstances, threats against others. He does very poorly on correctional supervision and can't even control himself when he's locked up in the Bureau of Prisons. His criminal thinking continues to take over. He, himself, has characterized himself as a professional convict. He brags about burning a house down around his ex-wife and her boyfriend. And that gives you a glimpse into the type of thinking that this individual engages in, which makes him a danger and also a high risk to recidivate.

A district court has "wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. White*, 816 F.3d 976, 988 (8th Cir. 2016). "Where the district court in imposing a sentence makes an individualized assessment based on the facts presented, addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable." *United States v. Stults*, 575 F.3d 834, 849 (8th Cir. 2009) (internal quotation marks omitted). The district court did not abuse its discretion in sentencing Hertz to the statutory maximum.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____