# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-2537

_____

United States of America

*Plaintiff - Appellee*

v.

Brian Lee Brown

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: May 18, 2018
Filed: July 24, 2018
[Unpublished]

_____

Before WOLLMAN, BENTON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Brian Lee Brown pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1]

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

varied upward, sentencing him to 87 months' imprisonment. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Brown believes the district court's 87-month sentence (guidelines range of 37 to 46 months) is substantively unreasonable because the court failed to consider his mitigating factors. This court reviews "the substantive reasonableness of a sentence for abuse of discretion." *United States v. Petersen*, 848 F.3d 1153, 1157 (8th Cir. 2017). An abuse of discretion occurs "if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *Id.* (internal quotation marks omitted). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Before varying upward, the court advised the parties:

I think it's only fair to advise the parties that I am considering a variance upwards so that you can tailor what you are going to argue to me.

And I just want to tell you my concerns. First, understatement of criminal history, criminal history not capturing the seriousness of his criminal history, nor the likelihood that he will recidivate. Then the burglary, Paragraph 45. And then the fact that, in my estimation, the guideline base offense level does not take into account the most serious aspects of his offense conduct, in that possession of a firearm by a felon committed in its simplest form is a status offense. You have a prior conviction; you can't possess a firearm or ammunition under federal law lawfully. And here we have a lot of aggravating circumstances.

-2-

So I just—I want to be square with you and tell you of my concerns and what I am thinking about so you can argue vigorously for the position that you hold.

After hearing argument from the parties and considering the mitigating factors, the court gave multiple reasons for varying upward:

The Court is aware that the guidelines sentence that is computed under the guidelines is 37 months to 46 months. Not binding on the Court. I find the variance upward is appropriate for the following reasons. Defendant's current criminal history category IV does not capture the seriousness of his criminal history, nor the likelihood that he will commit other crimes in the future. Defendant has a lifelong history of criminal behavior, starting at age 18. And as pointed out, although he scores category IV under the advisory guidelines, he has about 22 adult criminal convictions that were not taken into account in computing the guideline range. And the United States Sentencing Commission, in formulating the guideline rules for computation of criminal history, have arrived at those in a fairly arbitrary manner. They do take into account the length of time since the commission of these other offenses, they look at the seriousness of the offenses, and that's how they do their criminal history computation.

But when you have an individual like Mr. Brown, who has been in trouble since age 18 and many of the unscored convictions are serious convictions, I think that the history—criminal history category IV is not representative, and the Court should take that into account in arriving at a disposition.

The Court also notes that prior leniency in sentencing by state courts has not brought about the desired outcome. Mr. Brown's behavior has not improved over the years. He has difficulty abiding by standards on correctional supervision, frequently having his probation revoked. And I'm not going to go through his whole criminal history and point each of those out. He has little to no respect for the law. According to him—

by his behavior, not according to anything he said—but by his behavior, he shows extreme disrespect for the law.

The Court also is varying upward as a result of the facts and circumstances involved in his burglary conviction, Paragraph 45, which involved violent behavior. Now, I understand the Sentencing Commission would not categorize burglary of a dwelling as a categorical criminal offense of violence for purposes of computing various things within the guidelines. I'm just talking about plain old violence. And we see other violence in Mr. Brown's history: Assaultive behavior; very serious offense of driving under the influence, Paragraph 29; and more recently, another operating a motor vehicle while intoxicated, at Paragraph 48, in which he blew a level .163, which is 2 times the legal limit to operate a motor vehicle safely in the state of Iowa.

So I think that his violent behavior, his lack of respect for the safety of others, the fact that he has placed other individuals in harm's way in his criminal past certainly warrants the sentence that I am going to give him.

Another reason for my variance upward is a very high risk that he poses to recidivate. I base that on criminal history. The most accurate predictor of future behavior in the criminal justice system, in my opinion, is the criminal history of the defendant. And I've already talked about Mr. Brown's approximately 22 unscored—or 22 approximate convictions.

Also, he has performed very poorly on supervision in the state system. And even in this case, he is released on his own recognizance, and what does he do? Immediately gets into trouble. He's in the Dancers Ranch—I don't know exactly what that is; it sounds like a strip club with liquor—in Cedar Rapids, steals a woman's wallet, and then, and this isn't objected to, pulled out a knife and threatened to cut her. He admitted to taking the wallet and pled guilty to theft in the fifth degree in the Iowa District Court for Linn County. So even when he's on supervision awaiting disposition of these charges, he's off doing other criminal behavior.

In addition to that, he's not following the judge's rule on urine samples. He's giving dilute[d] samples of urine, and he's using alcohol by his own admission. Now, he's not charged, apparently, with public intox. I'm not saying that. I'm saying he has a no-alcohol condition, and here we go again, he's using alcohol.

The fourth reason I'm going to vary upward is that, in my opinion, the guideline base offense level does not take into account the most serious aspects of his offense conduct in this federal case. Possession of a firearm by a felon committed in its simplest form is a status offense. And that involves even passively having actual or constructive possession of a firearm, or sometimes ammunition or sometimes both.

Defendant's offense conduct in this case is significantly more serious. First, he possessed several rounds of live ammunition. Second, he discharged the weapon. Also, when he discharged the weapon, it was inside a multifamily dwelling. Also, when he discharged the weapon in this multifamily dwelling, he endangered the public. A live round went through the wall of an adjoining apartment, and at that time, in that very moment, there was a woman and her two children, and they were home. So I think that this is a very aggravating situation, and frankly, Mr. Brown is very lucky that he did not kill somebody or injure somebody.

So the Court finds the sentence that is sufficient but not greater than necessary to achieve the goals of sentencing is an 87-month sentence. This is a variance, I understand that, from the computed guideline range, a significant variance from the range of 37 to 46 months, but fully justified by the record in this case.

"Where the district court in imposing a sentence makes 'an individualized assessment based on the facts presented,' addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable." *United States v. Stults*, 575 F.3d 834, 849 (8th Cir. 2009), *quoting Gall v. United States*, 552 U.S. 38, 50 (2007). And "where the district court heard argument from counsel about specific § 3553(a) factors," this court "may presume

that the court considered those factors." *United States v. Keating*, 579 F.3d 891, 893 (8th Cir. 2009). The district court did not abuse its discretion in varying upward. *See, e.g.*, *United States v. Godfrey*, 863 F.3d 1088, 1098-99 (8th Cir. 2017) (holding that the defendant's discharge of his gun "in very close proximity to women and children" was a reasonable factor in an upward variance).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____