# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2639
_____

United States of America

*Plaintiff - Appellee*

v.

Lorenzo O. Manning

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 25, 2018
Filed: December 11, 2018
[Unpublished]

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Lorenzo O. Manning pled guilty to criminal escape in violation of 18 U.S.C. §§ 751(a)(1) and 4082. The district court[1] sentenced him to 18 months'

---

[1] The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

imprisonment. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court remands.

Manning contends his within-guidelines sentence is substantively unreasonable because the district court did not properly account for his "intellectual deficits." This court reviews "the substantive reasonableness of a sentence for abuse of discretion." *United States v. Petersen*, 848 F.3d 1153, 1157 (8th Cir. 2017). An abuse of discretion occurs "if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *Id.* (internal quotation marks omitted). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Explaining the sentence, the district court discussed Manning's competency, noting he was not on any medication and had a history of malingering and manipulation. It said:

> In looking at the factors under 18, 3553, when I look at the nature and circumstances of the offense, there are a few things that are—there are several things that are concerning. One is that the defendant says he was not on medication and he needed to go to the facility, yet I find it telling that he didn't follow up with the directives and he was—he had the ability to have medication. He was on disability and so that does seem like maybe some aspects of malingering in there.
>
> And I would note that in conjunction with that concern, in 2012 when the defendant was complaining of mental health issues and was admitted to Biggs Forensic Center, he reported to the staff that he was not suffering from mental illness and had beat the system to avoid prison, which is paragraph 57 of the presentence investigation report. With that

history that's very concerning in light of his claim that he needed to leave the facility for mental health treatment but then didn't follow up on that mental health directive.

Similarly, in 2013 in the underlying case before Judge Kays he underwent a competency evaluation, which is set forth on paragraph 59, and during the period of evaluation, they found signs of malingering or manipulating, and so I do see this escape as evidence that there was some manipulation and that this case more resembles the typical escape case and should fall within the guidelines.

The district court did not abuse its discretion in refusing to give more weight to his claims of intellectual deficits. *See United States v. Anderson*, 618 F.3d 873, 883 (8th Cir. 2010) ("The district court may give some factors less weight than a defendant prefers or more to other factors but that alone does not justify reversal.").

Manning requests remand because the district court's written judgment conflicts with its oral sentence. At sentencing, the court imposed an 18-month sentence to run concurrently to a prior federal sentence. It imposed two years of supervised release. The written judgment specified consecutive sentences and a three-year term of supervised release. The government does not oppose remand. The case is remanded for the district court to correct the error in the written judgment. *See United States v. Foster*, 514 F.3d 821, 825 (8th Cir. 2008) ("Where an oral sentence and the written judgment conflict, the oral sentence controls.").

\* \* \* \* \* \* \*

The case is remanded for proceedings consistent with this opinion.

_____

-3-