# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2750

_____

United States of America

*Plaintiff - Appellee*

v.

Ulises Alvarado

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Western

_____

Submitted: March 15, 2021
Filed: May 25, 2021
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

After his refusal to take a COVID-19 test, the district court[1] revoked Ulises Alvarado's supervised release and sentenced him to four months in prison. Alvarado

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

argues the district court abused its discretion in revoking his supervised release and argues that his counsel was ineffective. We affirm.

I.

Alvarado was subject to five years of supervised release after completing his sentence for failing to register as a sex offender. One of the terms of his supervised release required him to spend the first 120 days at a Residential Reentry Center. To enter the center, Alvarado needed to provide a negative COVID-19 test, administered by a nasal swab. Alvarado refused, claiming it was "very painful and invasive." Alvarado Br. 4. While he offered to take an "alternative test" like a throat swab or to quarantine for 14 days, Alvarado refused to take the nasal swab and told his probation officer that he would continue to refuse all COVID-19 testing in the future.

The U.S. Probation Office filed a petition to revoke Alvarado's supervised release. The magistrate judge[2] held a preliminary hearing and found probable cause that Alvarado refused to comply with the reentry center's rules. The district court then held a final revocation hearing and found that Alvarado had violated a term of his supervised release by refusing the COVID-19 test as required by the reentry center. The district court noted that mandatory COVID-19 testing "is a rational and reasonable rule" when imposed "in the middle of a worldwide pandemic," and Alvarado's present and future unwillingness to comply with the rule surpassed a simple technical violation of his supervised release. The district court sentenced Alvarado to four months in prison followed by four years of supervised release.

On appeal, Alvarado argues that the district court abused its discretion by revoking his supervised release. He also argues that his attorney's failure to ask

_____

[2]The Honorable Kelly K.E. Mahoney, Chief Magistrate Judge, United States District Court for the Northern District of Iowa.

about whether an alternative COVID-19 test would satisfy the reentry center's requirement was ineffective assistance of counsel.

## II.

We review a district court's decision to revoke for abuse of discretion, reviewing "any findings of fact as to whether or not a violation occurred for clear error." United States v. Petersen, 848 F.3d 1153, 1156 (8th Cir. 2017). "A district court may 'revoke supervised release if the government proves by a preponderance of the evidence that the defendant violated a condition of supervised release.'" Id. A "decision to revoke probation should not merely be a reflexive reaction to an accumulation of technical violations . . . ." United States v. Melton, 666 F.3d 513, 516 (8th Cir. 2012) (quoting United States v. Reed, 573 F.2d 1020, 1024 (8th Cir. 1978)). But "actions indicating . . . a persistent and 'pervasive unwillingness' to comply with . . . the orders of a reentry center are not technical violations and may warrant the revocation of a supervised release." Melton, 666 F.3d at 516.

We conclude the district court did not abuse its discretion in revoking Alvarado's supervised release. The terms of his release required him to abide by all the reentry center's rules and regulations. On admission into the reentry center, Alvarado was required to take a COVID-19 test. He was and remains unwilling to do so. Persistent and pervasive unwillingness to submit to a required test is not a technical violation, see id., so the district court did not abuse its discretion.

## III.

Alvarado next argues that his counsel was ineffective because his attorney failed to ask after the preliminary hearing about whether the reentry center would allow him to quarantine for 14 days or take a different COVID-19 test in place of the nasal swab. Alvarado argues that if the lawyer asked those questions, the information could have been presented to the district court.

Generally, we do not consider a claim for ineffective assistance of counsel on direct appeal, unless "the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent." United States v. Oliver, 950 F.3d 556, 566 (8th Cir. 2020). To succeed, Alvarado must show "that counsel's performance 'fell below an objective standard of reasonableness,' and that the deficient performance prejudiced his defense." United States v. Davis, 406 F.3d 505, 508 (8th Cir. 2005) (quoting Strickland v. Washington, 466 U.S. 668, 688 (1984)).

He shows neither here. Alvarado argues the attorney should have investigated whether alternative COVID-19 tests were available, and his failure to do so constituted a deficient performance that prejudiced his defense. We see no error in his counsel's performance. U.S. Probation Officer Jennifer Elliott testified that the reentry center required a negative COVID-19 test. Alvarado refused to provide it, and he maintained he would continue refusing to be tested. Because the nasal swab was the test being administered at the time, Alvarado cannot show that the attorney's failure to inquire about other methods of testing "fell below an objective standard of reasonableness" or that it would have made a difference in the outcome of his case. Id. Because the record needs no further development here, we reject his ineffective assistance of counsel claim on its merits.

IV.

The judgment is affirmed.

_____