# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1842
_____

United States of America

*Plaintiff - Appellee*

v.

Elicia Denise Willett

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: September 19, 2022
Filed: November 1, 2022
[Unpublished]

_____

Before GRUENDER, MELLOY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Elicia Willett's probation was revoked and she was sentenced to fourteen months of imprisonment followed by twelve months of supervised release. Willett appeals the finding of a violation and the reasonableness of the sentence. We affirm.

In 2021 Willett pled guilty to extortion. The guideline range was eight to fourteen months with a statutory maximum of two years in prison. She was sentenced to sixty months' probation and $38,000 in restitution. Her probation began in November 2021. She violated several conditions of her probation within the first few months. In December she failed to provide her location monitoring schedule to the probation office. In January she tested positive for cocaine. On February 8, 2021, police executed a search warrant at Willett's residence related to a drug investigation of her live-in boyfriend. When investigators entered the apartment, they found cocaine in plain view and $9,757 in cash around the apartment.

The district court[1] found by a preponderance of the evidence that Willett violated four conditions of her probation: 1) associating with an individual involved in criminal activity 2) drug possession – cocaine 3) failure to report income, and 4) failure to be truthful with the probation officer.

The district court sentenced Willett to fourteen months' imprisonment followed by twelve months of supervised release based on an advisory range of four to ten months. Willett appeals both the finding of drug possession and the reasonableness of the sentence.

The district court found Willett had constructive joint possession of the cocaine. We review the finding of fact as to whether a violation occurred for clear error. United States v. Petersen, 848 F.3d 1153, 1156 (8th Cir. 2017). "We reverse a revocation decision only if we have 'a definite and firm conviction that the District Court was mistaken.'" Id. (quoting United States v. Boyd, 792 F.3d 916, 919 (8th Cir. 2015)). The cocaine was in Willett's home and was readily observable in the common living space. Willett had tested positive for cocaine the previous month. The

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

district court did not clearly err in finding possession by a preponderance of the evidence.

"We review the reasonableness of a revocation sentence under the same deferential abuse-of-discretion standard that applies to initial sentencing proceedings." United States v. Elbert, 20 F.4th 413, 416 (8th Cir. 2021). A district court abuses its discretion if it "(1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Washington, 893 F. 3d 1076, 1080 (8th Cir. 2018) (citation omitted). There was no abuse of discretion in this case.

We affirm the judgment of the district court.

_____