# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2338
_____

United States of America

*Plaintiff - Appellee*

v.

Daejon Putman

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern

_____

Submitted: November 30, 2022
Filed: December 5, 2022
[Unpublished]

_____

Before LOKEN, MELLOY, and STRAS, Circuit Judges.

_____

PER CURIAM.

The district court[1] sent Daejon Putman back to prison after he committed three supervised-release violations. He disputes two of them, claiming that one rested on improperly admitted hearsay and that he lacked the intent to commit the other.

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Neither challenge succeeds. The admission of hearsay was harmless because Putman's own admissions confirmed the relevant facts. *See United States v. Black Bear*, 542 F.3d 249, 255–56 (8th Cir. 2008). And it was not clearly erroneous for the district court to infer that he intended to permanently destroy a cellphone when he threw it onto a concrete parking lot from a second-floor balcony. *See State v. Schminkey*, 597 N.W.2d 785, 789 (Iowa 1999) (stating that theft under Iowa law requires "an intent to *permanently* deprive the owner of [her] property"); *see also United States v. Petersen*, 848 F.3d 1153, 1156 (8th Cir. 2017) (reviewing the factual findings underlying the decision to revoke supervised release for clear error). We accordingly affirm the judgment of the district court.

_____