# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1193
_____

United States of America

*Plaintiff - Appellee*

v.

Kimberly Rene Grande

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: January 14, 2025
Filed: February 12, 2025
[Unpublished]

_____

Before SMITH, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Kimberly Rene Grande pled guilty to bank fraud, in violation of 18 U.S.C. § 1344(2). The district court[1] sentenced her to 36 months in prison and three years of supervised release. It ordered $118,949.70 in restitution. She appeals the sentence

_____

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

and amount of restitution. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

Grande believes the above-guidelines 36-month sentence (range was 18 to 24 months) is substantively unreasonable. This court reviews for abuse of discretion. *United States v. Petersen*, 848 F.3d 1153, 1157 (8th Cir. 2017). There is an abuse of discretion "if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *Id.* (internal quotation marks omitted). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Grande contends the district court abused its discretion by relying on the nature and circumstances of the offense and related conduct when those factors were already considered in determining the guidelines range. But it "is well-settled that factors taken into account in calculating the advisory guidelines range can form the basis of an upward variance." *United States v. Manuel*, 73 F.4th 989, 993 (8th Cir. 2023).

Grande asserts her sentence creates unwarranted sentencing disparities. As evidence, she cites only national statistics from the United States Sentencing Commission. But "reliance on national statistics of sentences imposed by different judges provides an appellate court no principled basis to say which defendants received the appropriate sentence." *United States v. Hill*, 8 F.4th 757, 761 (8th Cir. 2021) (cleaned up).

Grande believes the district court failed to consider as mitigating factors: her lack of criminal history, mental health issues, drug addiction, or her desire to fulfill

her restitution obligations. But these issues were presented during the sentencing hearing. "Where the district court heard argument about specific factors, we may presume that the court considered those factors even if the court did not address them expressly." *United States v. Beyers*, 854 F.3d 1041, 1043 (8th Cir. 2017) (cleaned up).

The court said:

> Let me start with the nature of the offense. I think within this category of offense, this is on the high side of the type of conduct I would see. . . . In terms of the nature of the offense, this is not something you did once, this is something you did over and over and over again. It is not something you admitted to, it is something you were caught doing and then admitted to. And it is not a small amount of money. It is a significant amount of money, and whether or not it happened to hurt the victims in terms of their pocketbook is not the question, but that is a large amount of money that has the potential, the significant potential to hurt people, to hurt a company, to hurt the amount of jobs a company can provide.

> . . . .

> The next factor I would like to talk about is specific deterrence and promotion of the respect for the rule of law and protection of the public. I want to talk about all three of them together because what I have to say relates to all three of them. So your offense and the related conduct shows an incredible level of dishonesty. It shows an incredible level of dishonesty to people who put their trust in you, gave you a job, and even when you stumbled at that job figured out a way to help you out so they thought you could perform that job.

> Additionally, when you are on pretrial release, multiple times it appears for you to have done things that are dishonest with our probation office. Whether we are talking about diluting drug tests, whether we are talking about not showing up to drug tests, whatever, those type of things, whether it's talking about admitting only partially that, well, this must have been marijuana from a long time ago when it turns out after the report it actually was new use, all of those things

-3-

indicate a continued level of dishonesty leading up to what I think you understand was the biggest dishonesty problem we have. You sat there in court with a straight face knowing that I was going to test you again and you lied to me straight in the eye, and to be perfectly frank, I almost believed you. It appears that you are very good at lying. That causes significant concerns.

. . . .

To be perfectly frank, I did not believe your allocution. There's no reason I should believe your allocution based on what you've done in the past. All of that suggests to me that the guideline sentence is not enough. Quite frankly, it's really nowhere near enough. You have not learned your lesson, you have not been specifically deterred in my view, and my sentence needs to do that.

The court thoroughly considered the § 3553 factors and did not abuse its discretion in varying upward. *See United States v. May*, 70 F.4th 1064, 1073 (8th Cir. 2023) ("[R]egardless of some mitigating circumstances, a sentencing court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence.").

II.

Grande argues the court erred in calculating the restitution amount. This court reviews the amount of a restitution order for clear error. *See United States v. Gammell*, 932 F.3d 1175, 1180 (8th Cir. 2019).

This court need not decide the issue because Grande waived her right to appeal her restitution in her plea agreement. Reviewing an appeal waiver, this court considers whether: (1) the appeal falls within the scope of the waiver; (2) both the waiver and plea agreement were entered into knowingly and voluntarily, and (3) enforcing the waiver would result in a miscarriage of justice. *See United States v. Guzman*, 707 F.3d 938, 941-42 (8th Cir. 2013), *citing United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc).

Here, the restitution order falls within the scope of the waiver. The plea agreement says that "the defendant waives the right to appeal the Court's determination of the amount of restitution and subsequent restitution order, if any." The waiver and plea were entered knowingly and voluntarily. Grande "carefully reviewed every part of it with her attorney," "voluntarily agrees to the terms and conditions," and entered it "consciously and deliberately, by the defendant's free choice, and without duress, undue influence or otherwise being forced or compelled to do so." Enforcing the waiver will not be a miscarriage of justice. *See id.*

* * * * * * *

The judgment is affirmed.

_____