# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1248
_____

United States of America

*Plaintiff - Appellee*

v.

Lloyd S. Yankton, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: February 10, 2025
Filed: March 14, 2025
[Unpublished]
_____

Before LOKEN, BENTON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Lloyd S. Yankton, Jr. pled guilty to three counts of assault with a dangerous weapon and assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 113(a)(3), 113(a)(6), and 1153. The district court[1] varied upward, sentencing him

---

[1]The Honorable Jonathan A. Kobes, United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation.

to 90 months on each count, to run consecutively.  He appeals.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Yankton believes the 270-month above-guidelines sentence (range was 51 to 63 months) is substantively unreasonable.  This court reviews for abuse of discretion. *United States v. Petersen*, 848 F.3d 1153, 1157 (8th Cir. 2017).  There is an abuse of discretion "if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors."  *Id*. (internal quotation marks omitted).  "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

Yankton contends the sentence was "greater than necessary to accomplish the goals of federal sentencing" and did not fully account for the circumstances surrounding the conviction.  This argument is without merit. Yankton repeatedly assaulted his girlfriend over the course of their 10-year relationship.  The court based its sentence on the "outrageous nature of the conduct" (hitting with a metal pipe, whipping with an electrical cord, cutting with a scalpel, and burning with a blowtorch),  the "devastating injuries" (skin "flapping off" and "extensive bruising around her neck and head"), and his history of violence (years of assault, including breaking bones, burning with a branding iron, hitting on the head with a shovel, and stabbing with a knife). The court did not abuse its discretion. *See United States v. Boyd*, 956 F.3d 988, 991 (8th Cir. 2020) (affirming an upward variance based in part on history of assault on girlfriends including burning with a cigar and hitting with a brick).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____