# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2732
_____

United States of America

*Plaintiff - Appellee*

v.

Cory Rusher

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: December 15, 2025
Filed: March 9, 2026
[Published]

_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

The district court[1] revoked Cory Rusher's term of supervised release and sentenced him to 24 months of imprisonment. Rusher appeals, asserting his sentence is substantively unreasonable.

_____

[1]The Honorable Timothy L. Brooks, Chief Judge, United States District Court for the Western District of Arkansas.

## I.

In 2017, Rusher was sentenced to 78 months of imprisonment after pleading guilty to a firearms offense. After his release from custody, his 3-year term of supervised release commenced on April 14, 2023. On June 13, 2023, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision on the grounds that Rusher had violated several conditions of his supervision. The district court issued a warrant that same day, but because Rusher's whereabouts were unknown, he was not arrested until October 6, 2023.

At a hearing on November 30, 2023, Rusher admitted that he had tested positive for controlled substances, failed to report for drug testing and treatment, changed his residence without notifying his probation officer, and failed to make a fine payment. The district court expressed concern that Rusher had violated his conditions so soon after his term of supervised release began and described the fact of his absconding as "pretty aggravating." The court also noted that Rusher's "entire adult life has been a revolving door of the criminal justice system," and that at some point, Rusher would have to "get this figured out" if he wanted to remain in the community. The district court did not revoke Rusher's supervised release but took the admitted violations under advisement for a period of six months and explained to Rusher that "this is likely [his] last chance." Rusher was released.

On January 17, 2024, a Supplemental Petition for Warrant or Summons for Offender Under Supervision was filed, alleging new violations and informing the court that Rusher's "current whereabouts are unknown." The district court issued a warrant. Rusher was not located and arrested until July 19, 2024.

A final revocation hearing was held on August 16, 2024. Rusher admitted the additional violations, which included the use of controlled substances, failure to report for substance abuse and mental health assessments, failure to notify the probation office of a change in residence, and failure to make a fine payment. The district court calculated an advisory Guidelines range of 8–14 months. After hearing

arguments from counsel and an allocution from Rusher, the court imposed a sentence of 24 months' imprisonment with no supervised release to follow.

## II.

"We review the substantive reasonableness of a [revocation] sentence for abuse of discretion." United States v. Petersen, 848 F.3d 1153, 1157 (8th Cir. 2017). "A district court abuses its discretion in sentencing if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." Id. (citation modified).

Rusher argues that the district court failed to give sufficient weight to his mitigating factors. He points out that he admitted all violations, and that his substance abuse and mental health issues significantly contributed to the difficulty he had complying with the terms and conditions of supervised release. And when he absconded, he did so "by going to the woods to live by himself in a tent by a creek," where he did not "commit[] any new crimes[.]" He also asserts that the district court overstated the need to protect the public, given the nonviolent nature of his violations, and did not consider the need to avoid unwarranted sentencing disparities.

We discern no abuse of discretion in how the district court weighed the relevant factors when determining an appropriate sentence. As to mitigation, the record shows that the district court recognized Rusher's substance abuse and mental health struggles, calling them "co-occurring issues." The court also acknowledged the role these issues likely played in Rusher's difficulties under supervision. But the court was concerned about a "pattern" of conduct Rusher had established over the course of his adult life. One variation was to get released from custody, violate the conditions of release, make "[n]o genuine concerted effort to try to comply" with the rules of supervision, and then, when given a second chance, start the pattern over again. As to public safety, the district court explained that Rusher's decision to "go on the run" created public safety concerns, particularly where law enforcement had

to go into the woods to "chase [him] down[.]" And the court considered cases that presented similar circumstances to Rusher's with the express goal of avoiding unwarranted disparities.

## III.

The judgment is affirmed.

_____