# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-3163

_____

United States of America

*Plaintiff - Appellee*

v.

Brandon Mitchell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta

_____

Submitted: February 9, 2026
Filed: April 8, 2026
[Unpublished]

_____

Before COLLOTON, Chief Judge, BENTON and KELLY, Circuit Judges.

_____

PER CURIAM.

Brandon Mitchell pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to 84 months

_____

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

in prison.  He appeals.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Mitchell believes his above-guidelines 84-month sentence (range was 37 to 46 months) is substantively unreasonable.  This court reviews "the imposition of sentences, whether inside or outside the Guidelines range" for abuse of discretion.  *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).  A court abuses its discretion if it "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors."  *United States v. Petersen*, 848 F.3d 1153, 1157 (8th Cir. 2017).  "[I]t will be the unusual case when we reverse a district court sentence— whether within, above, or below the applicable Guidelines range—as substantively unreasonable."  *Feemster*, 572 F.3d at 464.

The district court considered the 18 U.S.C. § 3553(a) factors and performed an individualized assessment of the case.  It noted that Mitchell had a gun with a Glock switch, fled from police, and threw the gun where "a kid or somebody else who wished to do harm with it" could find it.  The court considered Mitchell's history, expressing concern about prior offenses that involved firearms, including "callously" shooting a horse "for the fun of it," pointing guns at and threatening people, and breaking into someone's house.  It noted that his prior sentences had not deterred his criminal conduct.  And it referenced his troubled childhood, mental health issues, and desire to improve himself.  After considering the factors (and noting that it considered up to a 96-month sentence), the district court determined 84 months was appropriate.  It did not abuse its discretion in making that determination.  *See United States v. Stults*, 575 F.3d 834, 849 (8th Cir. 2009) ("Where the district court in imposing a sentence makes 'an individualized assessment based on the facts presented,' addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable."), *quoting Gall v. United States*, 552 U.S. at 38, 50 (2007).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____